**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINGO FRANCISCO-NICOLAS, AKA Domingo Francisco,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 20-72239<br><br>Agency No. A213-079-188<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:  CANBY, TASHIMA, and MILLER, Circuit Judges.

  Domingo Francisco-Nicolas, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

In his opening brief, Francisco-Nicolas does not challenge the agency's dispositive determination that his asylum application is time-barred. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Francisco-Nicolas failed to establish he experienced harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation and citation omitted)). Substantial evidence also supports the agency's determination that Francisco-Nicolas did not establish a clear probability of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.16(b); *Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). Thus, Francisco-Nicolas's withholding of removal claim fails.

The agency did not abuse its discretion in denying Francisco-Nicolas's request to terminate proceedings, where his challenge to the agency's jurisdiction

is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over [his] case").

We reject as unsupported by the record Francisco-Nicolas's contentions that the agency violated his right to due process or otherwise erred in its analysis of his claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**